## CHOICE OF WRONG COURSE IN MOMENT OF PERIL.

Circuit Court of Hamilton County.

CITIZENS' MOTOR CAR CO. v. JOSEPH HAMILTON.

Decided, November 13, 1909.

*Negligence—Damages for Injuries from Being Struck by an Auto-mobile—Degree of Care Required of One in Peril—Charge of Court.*

1. It is not negligence *per se* to cross in front of a street car without first ascertaining whether an automobile or other vehicle, proceeding in the same direction as the car and concealed by it, is running at a great and unlawful rate of speed.

2. One who, after having passed safely in front of a car, is confronted by an automobile running at great speed and but a few feet distant, is not to be held to the exercise of the same care in the choice of a way of escape that prudent persons would exercise were there no danger present; and an instruction to the jury that a plaintiff thus situated could be charged with ordinary care only is relevant and free from error.

*Robert Ramsey,* for plaintiff in error.
*Theodore Horstman,* contra.

The plaintiff below was struck by an automobile belonging to the motor car company, and recovered judgment below for $4,-000 on account of the injuries sustained.

GIFFEN, P. J.; SWING, J., and SMITH, J., concur.

Error to the Superior Court.

The plaintiff, Hamilton, could and did pass in safety over the street railway in front of a moving car, and he was not negligent *per se* in thus crossing without first ascertaining whether an automobile or other vehicle was moving in the same direction with and on the other side of the street car at a dangerous and unlawful rate of speed. He had a right to assume that any such vehicle was running, if at all, at a lawful rate of speed.

When he reached the other side of the street railway he saw the automobile approaching at a dangerous and excessive rate of

speed. Three alternatives were presented to him: either to stand still, retreat in front of the moving street car or attempt to pass beyond the automobile, any one and all of which were apparently dangerous, although had he remained standing he would probably have avoided injury.

In such a situation of peril the rule stated in the third proposition of the syllabus of the case of *Penn. Railroad Co.* v. *Snyder*, 55 O. S., 342, applies and the court so charged the jury; but it is claimed that the charge was not relevant to any issue tendered.

The plaintiff was required to exercise ordinary care, and the instruction given was merely a definition of ordinary care on the part of a plaintiff, who, without his fault, was in a situation of unusual peril. He had reasonable grounds for believing that the course pursued would be the safest, and should not be charged with the consequences of error of judgment resulting from the excitement and confusion of the moment. *Railroad Co.* v. *Mowery*, 36 O. S., 418;- *Pennsylvania Co.* v. *Langendorf*, 48 O. S., 316.

The judgment should be affirmed.